UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **HUNTER DAWKINS** | : | |
| 22383 Meadowlark Dirve | | |
| Pass Christian, MS 39571 | : | Case No.: 1:05CV02226 |
| | | |
| **Plaintiff,** | : | Judge: Royce C. Lamberth |
| | | |
| v. | : | |
| | | |
| **TULLY CONSTRUCTION CO., INC.** | : | |
| 127-50 Northern Blvd. | | |
| **Flushing, NY 11363** | : | |
| | | |
| **Defendant.** | : | |

## ANSWER OF DEFENDANT

Defendant, Tully Environmental Incorporated, sued here as Tully Construction Co., Inc., by and through their undersigned counsel, JORDAN COYNE & SAVITS, L.L.P., hereby state the following in answer to the Complaint.

### First Defense

The Complaint fails to state a claim upon which relief may be granted.

### Second Defense

1.  Defendant admits the complaint alleges facts sufficient to support subject matter jurisdiction.

2.  Defendant admits venue is appropriate.

3.  Defendant is without information sufficient to form a belief as to the truth

of the allegations set forth in paragraph 3 and demands the strict proof thereof.

  4.  Defendant admits the jurisdictional allegations contained in paragraph 4.

  5.  Defendant admits that it is a New York corporation.

  6-11. Defendant admits an accident involving a vehicle owned by defendant occurred on April 16, 2005. Defendant is without sufficient information to admit or deny the truth of allegations contained in paragraphs 6 through 11 concerning the circumstances surrounding the accident, and resulting injuries, if any, and demands strict proof thereof.

  12.  Paragraph 12 contains legal contentions that require no response. Nevertheless, defendant denies the allegations of negligence and proximate cause and demands strict proof thereof.

  13-14. Defendant is without sufficient information to form a belief as to the truth of the allegations contained in paragraphs 13 and 14 and therefore denies same and demands strict proof thereof.

  15.  Paragraph 15 contains legal conclusions requiring no response. Defendant admits it owned or leased the vehicle involved in the accident and that Christopher Tully was an authorized user of the vehicle.

  Defendant denies each and every factual allegation contained in the complaint that is not admitted herein.

### Third Defense

  Defendant avers that the injuries, losses and damages, if any, suffered by the plaintiff are the result of the sole and/or contributory negligence of the plaintiff.

### Fourth Defense

Defendant avers that the injuries, losses and damages, if any, suffered by the plaintiff are the result of the voluntary assumption of the risk by the plaintiff.

### Fifth Defense

Defendant avers that the injuries, losses and damages, if any, suffered by the plaintiff are the result of the intentional or negligent acts of independent third parties over whom this Defendant had no control.

### Sixth Defense

Plaintiff's claims may be barred, in whole or in part, by the doctrine of failure to mitigate damages.

### Seventh Defense

Plaintiff's claims may be barred, in whole or in part, by payment or release.

### Eight Defense

Plaintiff has failed to join parties necessary for a just adjudication of this claim.

### Ninth Defense

Plaintiff's claims are or may be barred in whole or in part by a statutory limitation of remedies.

### Tenth Defense

Plaintiff's claims are or may be barred by one or more of the following defenses: accord and satisfaction; collateral estoppel; estoppel; laches; res judicata; waiver; act of God, and any other defenses the discovery record herein will support.

### Eleventh Defense

To the extent that the plaintiff seeks or secures what may be considered to be exemplary or punitive damages, it violates defendants' rights to procedural due process under the Fourteenth Amendment of the Unites States Constitution and therefore fails to state a cause of action upon which such relief can be granted.

### Twelfth Defense

To the extent that the plaintiff seeks or secures what may be considered to be exemplary or punitive damages, it violates defendant's rights to protection from excessive fines as provided in the Eight Amendment of the United States Constitution and violates defendant's rights to substantive due process as provided in the Fifth Amendment to the United States Constitution and therefore fails to state a claim for such damages.

WHEREFORE, having fully answered the Complaint, this Defendant prays that the Plaintiff take nothing and that said Complaint be dismissed with prejudice, with costs and other such relief as my be appropriate awarded to the Defendant.

### JURY DEMAND

Defendant respectfully requests a trial by jury as to all issues of fact.

_____/s/_____
D. Stephenson Schwinn

Respectfully submitted,

JORDAN COYNE & SAVITS, L.L.P.


By: _____/s/_____
    D. Stephenson Schwinn, #358825
    James F. Jordan
    Joseph S. Ferretti
    1100 Connecticut Avenue, NW
    Suite 600
    Washington, DC  20036
    (202) 296-4747
    Fax:  (202) 496-2800

Counsel for Defendant, Tulley Construction Co., Inc.


## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true copy of the foregoing Answer Of Defendant, Tully Construction Co., Inc. was mailed, first class and postage prepaid, this 6th day of December, 2005 to:

    Patrick M. Regan, Esquire
    Jacqueline T. Colclough, Esquire
    1919 M Street, NW
    Suite 350
    Washington, DC 20036-3521


_____/s/_____
D. Stephenson Schwinn