**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| **HUNTER DAWKINS** | : |
|     **Plaintiff** | : |
|     v. | :    **Civil Action No. 05-2226 (RCL)** |
| **TULLY CONSTRUCTION CO., INC.** | : |
|     **Defendant.** | : |

**PLAINTIFF'S SUPPLEMENTAL EXPERT WITNESS DESIGNATION**

Plaintiff Hunter Dawkins, by and through undersigned counsel, hereby supplements his previously-filed Expert Witness Designation pursuant to Federal Rule of Civil Procedure 26(a)(2), as well as the Local Rules of this Court. Plaintiff incorporates, by reference, as if fully set forth herein, the previous identification of experts. In addition to the experts that are being disclosed at this time, Plaintiff reserves the right to supplement his designation of expert witnesses, including the designation of additional experts and/or rebuttal experts, pending completion of additional discovery, including the identification of any defense experts. Please note that the sentence structure and language is solely that of counsel for Mr. Dawkins and represents counsel's choice of words and not any of the experts identified in this document.

In addition to the experts previously identified, Plaintiff identifies the following experts:

Regan
Zambri & Long, P.L.L.C.
1919 M Street, NW
Suite 350
Washington, D.C. 20036

202-463-3030

## II. INFORMATION REGARDING SPECIALLY RETAINED OR SPECIALLY EMPLOYED EXPERTS

2. Peder K. Melberg, M.A.
   Vocational Resources
   11520 Nuckols Road
   Suite 101, Concourse Commons
   Glen Allen, Virginia  23060

Plaintiff incorporates the prior information previously submitted concerning Mr. Melberg. Additionally, attached as Exhibit A is the Vocational Assessment prepared by Mr. Melberg.

In summary, Mr. Melberg is expected to testify at the time trial that absent his injury, Mr. Dawkins would have had an earning capacity with a professional degree of approximately $46,000.00 per year, entry level, advancing to $115,000.00 as an established worker. Mr. Melberg is further expected to testify that Mr. Dawkins' earning capacity with a Ph.D. would have been approximately $60,000.00, entry level, and approximately $92,000.00 as an established worker. Mr. Melberg is further expected to testify that Mr. Dawkins currently has an earning capacity of $24,000.00 in selected occupations in a supportive work environment. Mr. Melberg is further expected to testify that based upon the above-referenced opinions and conclusions, Mr. Dawkins has sustained a significant loss of wage-earning capacity as a result of his severe disability. Mr. Melberg is further expected to testify that Mr. Dawkins has a permanent loss of wage-earning capacity and that this will continue throughout the remainder of his expected work life.

Regan
Zambri & Long, P.L.L.C.
1919 M Street, NW
Suite 350
Washington, D.C. 20036

202-463-3030

Mr. Melberg continues to review additional materials as they are generated during the course of this litigation. In the event that his opinions and/or conclusions are altered in any substantive way, a supplemental summary of his opinions will be provided. If requested, Plaintiff's counsel will schedule Mr. Melberg's deposition for a mutually convenient date and time.

4.   C. Richard Filson, Ed.D.
     P.O. Box 40709
     Washington, DC   20016-0709

Dr. C. Richard Filson is a licensed psychologist and has extensive expertise in treating individuals who have suffered traumatic brain injury. Dr. Filson's CV is attached as Exhibit B.

Dr. Filson has been treating Mr. Dawkins in connection with the traumatic brain injury he sustained. Dr. Filson is expected to testify at the time of trial concerning the nature and extent of Mr. Dawkins' traumatic brain injury, as well as all aspects surrounding his care and treatment of Mr. Dawkins. A copy of Dr. Filson's treatment note dated November 30, 2006 is attached as Exhibit C, and all of the opinions and conclusions set forth therein are incorporated by reference.

Dr. Filson is expected to continue to provide care and treatment to Mr. Dawkins in connection with his serious brain injuries. To the extent that Dr. Filson's opinions or conclusions are altered in any substantive way, a supplemental statement will be supplied. Additionally, as additional progress notes are prepared by Dr. Filson

concerning his treatment of Mr. Dawkins, those documents will be supplied to defense counsel.

If requested, Plaintiff's counsel will schedule Dr. Filson's deposition for a mutually convenient date and time.

>Respectfully submitted,
>
>REGAN ZAMBRI & LONG, PLLC
>
>By: _____/s/_____
>Patrick M. Regan       #336107
>Jacqueline T. Colclough  #434483
>1919 M Street, NW
>Suite 350
>Washington, DC 20036
>Ph: (202) 463-3030
>*Attorneys for Plaintiff*

Regan
Zambri & Long, P.L.L.C.
1919 M Street, NW
Suite 350
Washington, D.C. 20036

202-463-3030

- 4 -

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a copy of the foregoing Plaintiff's Supplemental Expert Witness Designation was sent via first class mail, postage prepaid, this __1st__ day of December, 2006 to:

>James F. Jordan, Esquire
>D. Stephenson Schwinn, Esquire
>Joseph S. Ferretti, Esquire
>Jordan, Coyne & Savits, LLP
>1100 Connecticut Avenue, NW, Suite 600
>Washington, DC  20036

/s/
Patrick M. Regan

Regan
Zambri & Long, P.L.L.C.
1919 M Street, NW
Suite 350
Washington, D.C. 20036

202-463-3030